UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Freddie James Prewitt,                      No. 13-cv-2866 (JRT/LIB)

          Petitioner,

v.                                     **REPORT AND RECOMMENDATION**

Bruce Reiser,
*Warden, D.O.C. Minnesota*,

          Respondent.

---

       This matter is before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), and upon the document filed by Petitioner on or about November 27, 2013, and styled "Affidavit of Facts Including a Writ of Mandamus." [Docket No. 16]. For reasons set forth below, the Court deems Docket No. 16 to be a Motion for Default Judgment, and recommends that the Motion, [Docket No. 16], be **DENIED**.

       Freddie James Prewitt ("Petitioner"), a prisoner of the State of Minnesota proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, claiming that he is being detained in violation of his federal constitutional rights. (See Pet. [Docket No. 1]). On October 21, 2013, the Court[1] granted Petitioner's application to proceed *in forma pauperis* ("IFP"), and Ordered that Warden Bruce Reiser ("Respondent") respond to the Petition within thirty (30) days. (Order [Docket No. 5], at 2). Exactly 30 days later, on November 20, 2013, Respondent filed his Response, [Docket No. 12], and his Memorandum of Law, [Docket No. 13],

---

[1] This case was initially assigned to the Hon. John R. Tunheim, U.S. District Judge, and the Hon. Arthur J. Boylan, Chief U.S. Magistrate Judge. The Court's Order of October 21, 2013, [Docket No. 5], which set forth the briefing schedule for this case, was made by Chief Magistrate Judge Boylan. Subsequently, on November 5, 2013, the case was reassigned to Judge Tunheim and the undersigned, and Chief Magistrate Judge Boylan was no longer assigned to the case. [Docket No. 10].

and Appendix, [Docket No. 14], in support thereof.

Petitioner now moves this Court for an order of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. [Docket No. 16] (hereinafter, "Motion for Default Judgment").[2] However, as previously noted, Respondent did, in fact, file and serve his Response within the time frame set by the Court. Consequently, the Court cannot grant default judgment against him.[3]

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Motion Default Judgment, [Docket No. 16], be **DENIED**, as set forth above.

DATED: December 6, 2013                    s/Leo I. Brisbois
                                           LEO I. BRISBOIS
                                           United States Magistrate Judge

---

[2] As previously noted, Petitioner styles his document as an "Affidavit of Facts Including a Writ of Mandamus." (See Docket No. 16). However, aside from the document's title, Petitioner does not specifically ask for—in fact, he makes no other reference to—mandamus relief. (Id.).

Rather, Petitioner advises the Court "that an order for a Default Judgement [sic] is being requested . . .," and that "Petitioner request [sic] that this court will approve a Default Judgment on the Respondent . . . ." (Id.). Additionally, Petitioner cites as grounds for seeking such relief his belief that Respondent violated the Court's Order of October 21, 2013, [Docket No. 5], by failing to respond to his Petition. (Mot. Default J. [Docket No. 16]). Accordingly, the Court construes this document not as a motion seeking a writ of mandamus, but rather, as a motion for default judgment.

Petitioner does not specify which Rule of the Federal Rules of Civil Procedure serves as the basis for his Motion. (Id.). However, the relief that Petitioner seeks is an Order of Judgment on his underlying claim. (Id.). Therefore, reading Plaintiff's Motion liberally, as this Court is required to do with *pro se* pleadings, Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("document[s] filed *pro se* [are] 'to be liberally construed'") (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)), the Court construes Petitioner's Motion for Default Judgment as made pursuant to Fed. R. Civ. P. 55(b).

[3] Additionally, even if Respondent had failed to timely file his Response, Petitioner's Motion for Default Judgment, [Docket No. 16], would be premature. The Federal Rules provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After first obtaining an entry of default, a party may then seek default judgment by application to the Court. Fed. R. Civ. P. 55(b)(2). Therefore, not only has Respondent timely filed his Response, but procedurally, Petitioner's motion under Rule 55(b) would have failed because he did not first obtain an entry of default under Rule 55(a). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)"). In the present case, the docket demonstrates that Petitioner has not sought a clerk's entry of default against the Respondent. *Pro se* parties are not excused from complying with substantive and procedural law. Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986).

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by December 20, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.