# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

FREDDIE JAMES PREWITT,

                Petitioner,

v.

BRUCE REISER, *Warden, D.O.C.*
*Minnesota*,

                Respondent.

Civil No. 13-2866 (JRT/LIB)

**MEMORANDUM OPINION
AND ORDER**

---

Freddie James Prewitt, No. 137814 MCF-Faribault, 1101 Linden Lane, Faribault, MN 55021, *pro se*.

Jean E. Burdorf, Assistant Hennepin County Attorney, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Suite A-2000, Minneapolis, MN 55487, for respondent.

On October 18, 2013, Freddie James Prewitt, a prisoner of the State of Minnesota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his state conviction for third-degree criminal sexual conduct was in violation of his federal constitutional rights. This matter is before the Court on Prewitt's appeal from orders issued by United States Magistrate Judge Leo I. Brisbois denying his motions for appointment of counsel, leave to amend his petition, and leave to supplement the record. Prewitt has also filed objections to a Report and Recommendation ("R&R") issued by the Magistrate Judge recommending that the Court dismiss Prewitt's petition with prejudice. Because the Magistrate Judge's orders are neither clearly erroneous nor contrary to law, the Court will overrule Prewitt's objections and affirm those orders. With respect to

Prewitt's habeas petition, the Court concludes that the petition fails to allege a basis for habeas relief, and the Court will therefore overrule Prewitt's objections and adopt the R&R in its entirety, dismissing Prewitt's habeas petition with prejudice.

## BACKGROUND

### I.    UNDERLYING CONVICTION AND APPEAL

The State of Minnesota charged Prewitt with third-degree criminal sexual conduct for having sex with a helpless victim in violation of Minn. Stat. § 609.344, subd. 1(d), in connection with a May 2011 incident when Prewitt allegedly had vaginal and anal sex with a woman who was unconscious as a resulting of taking heroin.  *State v. Prewitt*, No. A12-1456, 2013 WL 3491078, at *1 (Minn. Ct. App. July 15, 2013).   On April 9, 2012, a jury found Prewitt guilty of this crime, and Prewitt was sentenced to 153 months imprisonment.   (Pet. for Writ of Habeas Corpus ("Pet.") at 1, Oct. 18, 2013, Docket No. 1.); *see also Prewitt*, 2013 WL 3491078 at *1.

Prewitt appealed his conviction and the Minnesota Court of Appeals affirmed. *Prewitt*, 2013 WL 3491078 at *1.   On appeal, Prewitt raised three primary grounds for reversal; each was rejected by the court.   First, Prewitt argued that the trial court had erred in allowing him to proceed to trial *pro se*, because he had not knowingly waived his right to counsel.   *Id.* at *4.   The court found, however, that Prewitt's waiver of his right to counsel was valid because Prewitt had chosen to proceed *pro se* even after the trial court had outlined the elements of Prewitt's offense, told him the presumptive sentence, discussed defense-strategy options with Prewitt, and "repeatedly warned Prewitt about

the dangers of proceeding *pro se*, emphasizing that he would be held to the same standards as an attorney and highlighting the difficulties of challenging certain evidence without expert legal and scientific assistance." *Id.* at *5. Second, Prewitt argued that the prosecutor committed misconduct in her closing argument when she told the jury that the victim had been forced "to face 'her rapist' in trial," and thereby suggested that the jury should punish Prewitt for exercising his right to go to trial. *Id.* at *5-6. Applying a plain error standard of review because Prewitt had failed to object to these comments at trial, the court concluded that the prosecutor's statements were properly made in the context of demonstrating the credibility of the victim's testimony.   *Id.* at *6.   Third, "Prewitt assert[ed] that the district court departed from its constitutionally required impartiality by giving him legal advice, threatening to hold him in contempt, and questioning a witness." *Id.* at *6.  Although the court found that the trial court had exceeded its role as a neutral arbiter when it questioned one of the state's witnesses "effectively helping a witness for the state to clarify her testimony in a manner that ordinarily would be left for the prosecutor to do," it concluded that this did not constitute clear error, and therefore reversal was not warranted. *Id.* at *7-8. Finally, the court reviewed "a host of additional evidentiary issues" raised in Prewitt's *pro se* brief, and concluded "that none of them warrants detailed discussion or supports reversal." *Id.* at *8. After his conviction was affirmed, Prewitt filed a petition for review, which the Minnesota Supreme Court denied. (Pet. at 2.)

## II.      HABEAS PETITION

On October 18, 2013, Prewitt filed a petition for a writ of habeas corpus.  In his petition Prewitt raised ten grounds for relief: (1) failure to obtain a valid wavier of Prewitt's right to counsel; (2) prosecutorial misconduct in closing arguments; (3) deprivation of his constitutional right to an impartial trial judge; (4a) failure to appoint advisory counsel; (4b) failure to provide discovery; (4c) admission of inadmissible hearsay; (4d) insufficiency of the evidence; (4e) deletions from the official trial transcript; (4f) improper charge to the jury; and (4g) failure to provide a jury of his peers. (Pet. at 5-10.)

## III.     MOTION FOR APPOINTMENT OF COUNSEL

On the same day that he filed his habeas petition, Prewitt filed a motion to appoint counsel.  (Mot. to Appoint Counsel, Oct. 18, 2013, Docket No. 3.)  The Magistrate Judge denied the motion, finding "that neither the facts nor the legal issues raised in the petition are so complex as to warrant appointment of counsel," and that "it appears that [Prewitt] has the threshold ability to articulate his claims, to argue his positions, and to communicate effectively with the Court."  (Order at 2, Oct. 21, 2013, Docket No. 5.)

Prewitt then filed a motion for reconsideration asking the Magistrate Judge to reconsider his denial of Prewitt's motion because Prewitt reads at a sixth-grade level and "suffers major depression and bipolar disorder."  (Mot. for Reconsideration at 1, Nov. 5, 2013, Docket No. 7; *see also* Exhibit at 1, Nov. 5, 2013, Docket No. 8; Notice for Aff. of Facts, Nov. 5, 2013, Docket No. 9.)  The Magistrate Judge denied this motion, noting that

the proper way to seek review of the denial of the motion to appoint counsel was "by seeking review by the District Court." (Order at 2, Dec. 6, 2013, Docket No. 17.)  The Magistrate Judge further noted that the documentation of Prewitt's "low educational achievement" did not demonstrate that Prewitt would be unable "to articulate his claims, to argue his positions, and to communicate effectively with the Court," and therefore did not warrant the appointment of counsel. (*Id.* at 3.)  Prewitt filed two appeals to this Court from this order, as well as an affidavit of facts, arguing that the Court should appoint counsel. (Appeal, Dec. 18, 2013, Docket No. 24; Appeal, Jan. 13, 2014, Docket No. 28; Aff. of Facts Regarding Pending Appeal, July 11, 2014, Docket No. 38.)[1]

## IV.   MOTION TO AMEND AND SUPPLEMENT RECORD

On January 13, 2014, Prewitt brought a motion to amend his habeas petition, (Mot. to Amend, Jan. 13, 2014, Docket No. 27), and also brought a motion which requested, among other relief, the right to supplement the record (Appeal, Jan. 13, 2014, Docket No. 28).  The Magistrate Judge construed Prewitt's motion to amend as "seeking to supplement his Reply memorandum with material relating to his objections at trial to the use of out-of-court statements," and allowed him to supplement the record with the portions of the transcript identified in the motion.  (Order at 3, Feb. 4, 2014, Docket No. 29 (emphasis omitted).)   The Magistrate Judge also granted Prewitt's motion to

---

[1] One of these appeals also included another request for reconsideration of the denial of his motion to appoint counsel, (*see* Appeal at 10, Jan. 13, 2014, Docket No. 28) which was again denied by the Magistrate Judge (Order at 4, Feb. 4, 2014, Docket No. 29).

supplement the record, allowing him to supplement his argument with regard to his claim regarding waiver of the right to counsel at trial. (*Id.* at 3-4.)

Thereafter, Prewitt filed another motion to amend his petition, (Am. Pet., Feb. 11, 2014, Docket No. 30), and another motion to supplement his reply and the record, (Aff. of Freddie James Prewitt-Bey, Feb. 14, 2014, Docket No. 31). The Magistrate Judge denied both of these motions. (Order, Feb. 19, 2014, Docket No. 32.) The Magistrate Judge denied the motion to amend on both procedural and substantive grounds. (*Id.* at 6.) First, the Magistrate Judge concluded that Prewitt's filing failed to comply with the Local Rules in that he had not provided the Court with an explanation of how his amended pleading differed from his original petition. (*Id.* at 6-7.) The Court also concluded that amendment would be futile, would prejudice the state, and would cause undue delay. (*Id.* at 7-11.) Specifically, the Magistrate Judge noted that Prewitt's motion to amend appeared to add "one entirely new theory for granting habeas relief that was not asserted in his original habeas petition: 'that the state statute that he was charge[d] with was unconstitutional'" and also reasserted some of the claims already made in the original petition. (*Id.* at 7 (alteration in original) (quoting Am. Pet. at 1, Feb. 11, 2014, Docket No. 30).) The Magistrate Judge explained that amendment to include the new claim would be futile because it was a claim that had not been exhausted in Minnesota state courts and therefore was procedurally defaulted. (*Id.* at 8-9.) The Magistrate Judge also concluded that amendment would cause undue delay and prejudice the state, as the merits of Prewitt's habeas petition had already been fully briefed by the state. (*Id.* at 10-11.)

With respect to the second motion to supplement the reply and the record, the Magistrate Judge concluded that Prewitt was merely attempting, again, to supplement the record in support of his existing arguments, had already "been given multiple opportunities to present to the Court his arguments and an evidentiary record to support his arguments," and had offered "**no** explanation as to why the Court should consider accepting these late materials, which were filed approximately two months after he filed his Reply." (*Id.* at 12-13 (emphasis in original).)   Accordingly, the Magistrate Judge denied the motion. (*Id.* at 13.) Prewitt filed an appeal from this Order. (Aff. of Facts, Mar. 31, 2014, Docket No. 35.)

## V.    R&R

On February 19, 2014, the Magistrate Judge issued an R&R recommending that the Court deny a request for discovery that Prewitt had raised in his reply to the state's response to his petition and dismiss Prewitt's petition with prejudice. (R&R, Feb. 19, 2014, Docket No. 33.)

With respect to discovery, the Magistrate Judge noted that "Prewitt seeks discovery of information that he alleges was hidden by the prosecutor, including hospital records and 'supplemental discovery.'" (*Id.* at 2 (quoting Pet'r's Reply to Resp'ts Answer to Pet. at 1, Dec. 18, 2013, Docket No. 19).) The Magistrate Judge explained that this discovery likely related to Prewitt's claim of insufficiency of the evidence, based on his contention that the sexual assault examining nurse that had examined the victim did not assess any external or internal injuries on the victim and that "'sexual assault is an

intent Crime and requires proof of an injury.'" (*Id.* at 3 (quoting Pet'r's Reply to Resp'ts Answer to Pet. at 0-1, 11).)  The Magistrate Judge concluded, however, that discovery of hospital records would not demonstrate that Prewitt was entitled to relief because "[e]vidence that the victim did not have injuries is largely immaterial, given that the victim was asleep and not resisting during the rape, and Prewitt's DNA sample matched the DNA in the semen in the victim's body." (*Id.* at 4.)  The Magistrate Judge also noted that Prewitt sought transcripts of the police officer who prepared police reports that contained the allegedly inadmissible hearsay of the victim's friend.  (*Id.*)  Because the victim, not the police officer, had introduced the contested statements of the victim's friend at trial the Magistrate Judge concluded that good cause did not exist to order discovery "as it is not likely to demonstrate Prewitt's entitlement to relief on any claim." (*Id.*)

With respect to Prewitt's waiver of the right to counsel claim, the Magistrate Judge concluded that the Minnesota Court of Appeals' determination that Prewitt's waiver of the right to counsel was constitutionally valid was not unreasonable "given the trial court's repeated warnings of the specific obstacles Prewitt would encounter in self-representation, and Prewitt's unwavering assertion of his right and ability for self-representation." (*Id.* at 10.)

The Magistrate Judge also concluded that the Minnesota Court of Appeals had applied the proper standard in evaluating Prewitt's prosecutorial misconduct claim. (*Id.* at 10-12.)  Specifically, the Magistrate Judge noted that for purposes of such a claim "'[t]he relevant question is whether the prosecutors' comments so infected the trial with

unfairness as to make the resulting conviction a denial of due process.'"  (*Id.* at 12 (internal quotation marks omitted) (quoting *Darden v. Wainwright*, 477 U.S. 168, 18[1] (1986)).

As for Prewitt's right to an impartial tribunal claim, the Magistrate Judge concluded that the Minnesota Court of Appeals reasonably found that the trial judge had acted impartially when he gave Prewitt advice about a consent defense and threatened to hold Prewitt in contempt for misconduct during trial.  (*Id.* at 15-16.)  The Magistrate Judge also concluded that although the trial court had exceeded its role as a neutral arbiter when it questioned the state's witness, the Minnesota Court of Appeals reasonably concluded that this error did not rise to the level of a constitutional error, especially in light of the "overwhelming evidence against Prewitt."  (*Id.* at 16.)

Finally, the Magistrate Judge considered Prewitt's multi-part fourth ground for relief.  The Magistrate Judge concluded that, with the exception of the claim based on admission of inadmissible hearsay, the claims in Prewitt's fourth ground for relief are procedurally defaulted because "Prewitt did not fairly present the federal nature of his multiple claims" to the Minnesota Court of Appeals.  (*Id.* at 16-17.)  As for the inadmissible hearsay claim, the Magistrate Judge concluded that Prewitt had fairly presented the federal nature of this claim under the Confrontation Clause by citing the Sixth Amendment and *Crawford v. Washington*, 541 U.S. 36 (2004) in his *pro se* brief to the Minnesota Court of Appeals.  (*Id.* at 18.)  Although the Minnesota Court of Appeals had not explicitly addressed this claim, the Magistrate Judge concluded that the court reasonably could have found that the statements of the victim's friend admitted at

Prewitt's trial "were not testimonial [and] therefore not protected by the Confrontation Clause, because the statements were made by the victim's friend to the victim on the morning after the alleged rape, before any police investigation was started." (*Id.* at 19-20 (citing *Prewitt*, 2013 WL 3491078 at *1).)   Because Prewitt had failed to raise viable grounds for relief, the Magistrate Judge recommended that the Court dismiss Prewitt's habeas petition with prejudice.  (*Id.* at 21.)   Prewitt filed several documents which purport to be objections to the R&R.  (Objection, Feb. 28, 2013, Docket No. 34; Aff. of Facts, May 15, 2014, Docket No. 36; Am. Aff. of Facts, May 19, 2013, Docket No. 37.)

## ANALYSIS

## I.     APPOINTMENT OF COUNSEL

### A.     Standard of Review

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential.  *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007).[2]  This Court will reverse such an order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).  "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564,

---

[2] Motions to appoint counsel are nondispositive motions, subject to the standard of review identified in 28 U.S.C. § 636(b)(1)(A).  *See In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) (noting that a decision not to appoint counsel was a nondispositive, pretrial motion).

573 (1985)).  "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Knutson v. Blue Cross & Blue Shield of Minn*, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation marks omitted).

## B.    Standard for Appointment of Counsel

There is no constitutional or statutory right to the appointment of counsel in habeas proceedings.  *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).  In considering a motion to appoint counsel

> [t]he trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim.

*Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

Prewitt objects to the Magistrate Judge's conclusion that appointment of counsel was not warranted based on the facts and circumstances presented by Prewitt's habeas proceeding.[3]  Prewitt argues that he "is unable to articulate the issues in his appeal

---

[3] The first document filed by Prewitt was a timely appeal from the Magistrate Judge's denial of Prewitt's motion for reconsideration, being filed within fourteen days of that ruling. (*See* Appeal, Dec. 18, 2013, Docket No. 24.); *see also* D. Minn. LR 72.2(a)(1) (explaining that with respect to nondispositive matters "[a] party may file and serve objections to the order within 14 days after being served with a copy").  The second and third documents filed by Prewitt directly related to the Magistrate Judge's denial of his motion to appoint counsel were, however, untimely.  (*See* Appeal, Jan. 13, 2014, Docket No. 28; Aff. of Facts Regarding Pending Appeal, July 11, 2014, Docket No. 38.)  But "'the deadline for filing objections is not jurisdictional, and late-filed objections can be considered where the filing is not egregiously late and causes no prejudice to any adverse party.'"  *United States v. Buchanan*, Civ. No. 07-50118, 2008 WL 2704865, at *2 (D.S.D. July 7, 2008) (quoting 32 Am. Jur. 2d Federal Courts § 145); D. Minn. LR 72.2(a)(3) (providing only that "[t]he district judge **must** consider timely objections" but not restricting the Court's ability to consider untimely objections, and expressly providing that "[t]he

(Footnote continued on next page.)

adequate to assist the Court in ascertaining the gist of his communications" because he "has an extremely low educational level with scores equivalent to a sixth grade education." (Appeal at 2, Dec. 18, 2013, Docket No. 24; *see also* Appeal at 4, Jan. 13, 2014, Docket No. 28.)   For example, Prewitt explains that he "does not have the capability to request Discovery under the proper rules." (Appeal at 2, Dec. 18, 2014, Docket No. 24; *see also* Aff. of Facts Regarding Pending Appeal at 1, July 11, 2014, Docket No. 38.) Prewitt contends that the Magistrate Judge "did not fully appreciate the seriousness of [Prewitt]'s need for counsel" because up to this point in the litigation Prewitt has been "assisted by other inmates," but those inmates are not guaranteed to be available to continue to assist Prewitt as the litigation progresses. (Appeal at 2, Dec. 18, 2013, Docket No. 24.)

The Court concludes that the Magistrate Judge did not err in finding that appointment of counsel is not warranted in this case.   Specifically, the Magistrate Judge found that neither the facts nor the legal issues raised in Prewitt's habeas petition are so complex as to require the appointment of counsel.   Contrary to Prewitt's contention, in the numerous documents filed in this case to date, he has demonstrated an ability to articulate the relief he seeks and the factual and legal basis for his claims.   Specifically,

---

(Footnote continued.)

district judge may also reconsider on his or her own any matter decided by the magistrate judge but not objected to" (emphasis added)).   Here, the Court finds that Prewitt's late filings are not particularly egregious given the complicated procedural posture of his attempts to have counsel appointed.   The late filings are also largely duplicative of his timely filings, indicating that it is unlikely that such filings have prejudiced the state.   Therefore, the Court has considered all of Prewitt's filings regarding the motion to appoint counsel collectively.

although Prewitt argues that he does not have the capability to seek discovery, the Magistrate Judge found that Prewitt had indeed raised a request for discovery in his reply, and carefully considered the merits of that request.  The current progression of the case demonstrates that Prewitt has a sufficient grasp of the issues to communicate his arguments to the Court such that appointment of counsel would not benefit the Court and Prewitt.  Finally, Prewitt's objections reveal that he has, in fact, been able to communicate with the Court up to this point in a relatively effective manner, albeit with the assistance of other inmates.  That these inmates may not be able to assist Prewitt at some point in the future is irrelevant to the Court's consideration of appointment of counsel, as the Court concludes that Prewitt's habeas petition must be dismissed.  Accordingly, further filings in this case by Prewitt will be unnecessary, and the Court will affirm the Magistrate Judge's denial of Prewitt's motion for appointment of counsel.[4]

## II.    AMENDMENT AND SUPPLEMENTATION OF THE RECORD

Prewitt also objects to the Magistrate Judge's February 19, 2014 order denying his motions to amend the petition and motion to supplement his reply and the record.  (*See*

---

[4] In his most recent submission to the Court, Prewitt appears to argue that because he chose to proceed pro se in his criminal trial, he "shouldn't be allowed any attemp[t] to represent himself in the instant action at this time." (Aff. of Facts Regarding Pending Appeal at 2, July 11, 2014, Docket No. 38.)  The Court concludes that Prewitt's *pro se* status at the underlying trial does not bear upon the propriety of appointing counsel for this proceeding and will address this argument more fully in the context of Prewitt's argument regarding the wavier of counsel in connection with his objections to the R&R.

Aff. of Facts, Mar. 31, 2014, Docket No. 35.)[5]  Prewitt's objections to this order fall into three main categories, and the Court will address each of them in turn under the deferential standard of review for a Magistrate Judge's ruling on a nondispositive pretrial matter.

First, Prewitt appears to argue that the Magistrate Judge erred in construing his submissions at Docket Numbers 30 and 31, respectively, as a motion to amend his petition and a motion to supplement his reply and the record. (*Id.* at 1.) Prewitt explains that these documents – at Docket Numbers 30 and 31 – were actually his amended petition and supplementations of the record that he believes were granted in the Magistrate Judge's February 4, 2014 order. (*Id.*) But the Magistrate Judge's February 4, 2014 order specifically ruled on the requests to amend and supplement that Prewitt had formulated in his submissions found at Docket Numbers 27 and 28, and was not a blanket authorization for Prewitt to file any supplemental materials and amendments that he chose. In the February 4 order, the Magistrate Judge allowed Prewitt to supplement the record with the portion of the transcript that he attached to his request at Docket Number 27. (*See* Order at 2-3, Feb. 4, 2014, Docket No. 29; *see also* Mot. to Amend at 1, Jan. 13, 2014, Docket No. 27 (requesting that the court "allow [Prewitt] to submit a supplemental

---

[5] This appeal was untimely, as it was not filed until March 31, 2014. As explained above, the Court has the discretion to consider untimely objections and will do so in this case. In addition to raising objections to the February 19 order, the document filed at Docket Number 35 also contains arguments about Prewitt's motion for appointment of counsel, (Aff. of Facts at 4, Mar. 31, 2014, Docket No. 35), which arguments have been addressed earlier in this Order. The document also contains arguments about Prewitt's request for discovery and his claim for prosecutorial misconduct (*id.* at 2-4), which arguments are discussed later in this Order in the context of the R&R on Prewitt's habeas petition.

pleading" because he "fail[ed] to attach a[] part of the transcript that violated the hearsay rule in his case," and attaching the referenced transcript, "pray[ing] that the court review the attached documentation included in this petition").)  Additionally, in the February 4 order the Magistrate Judge concluded that he would consider the additional arguments provided by Prewitt in Docket Number 28 that related to his claim regarding waiver of his right to counsel at trial.  (Order at 3-4, Feb. 4, 2014, Docket No. 29.)

Contrary to Prewitt's argument, the materials that he submitted at Docket Numbers 30 and 31 were not encompassed as permissible amendments and supplements as defined by the scope of the Magistrate Judge's February 4 order.  Instead, these documents asserted a new claim for relief based on the unconstitutionality of the statute under which Prewitt was convicted and sought to add additional arguments to various of the other claims raised in his habeas petition.  (*See, e.g.*, Am. Pet., Feb. 11, 2014, Docket No. 30; Aff. of Freddie James Prewitt-Bey, Feb. 14, 2014, Docket No. 31.)  Because the Magistrate Judge's February 4 order did not provide Prewitt with permission to file the documents that appear at Docket Numbers 30 and 31, it was not error for the Magistrate Judge to construe these documents as new motions to amend or supplement, and deny those motions in his February 19, 2014 order.

Second, Prewitt objects to the Magistrate Judge's conclusion that amendment of his petition to include a claim based on the unconstitutionality of the statute under which he was convicted would have been futile.  (Aff. of Facts at 7, Mar. 31, 2014, Docket No. 35.)  Specifically, Prewitt appears to argue that this claim was not procedurally defaulted because it was raised in his supplemental brief before the Minnesota Court of

Appeals.  (*Id.* at 6-7.)  The Court has, however, reviewed the *pro se* supplemental brief that Prewitt submitted to the Minnesota Court of Appeals, and the brief does not contain any reference to the unconstitutionality of the state statute under which Prewitt was convicted.  (*See* App. at 45-64, Nov. 20, 2013, Docket No. 14.)  Therefore, it was not error for the Magistrate Judge to conclude that Prewitt's request to amend his petition to include a claim based on the unconstitutionality of the statute would be futile because Prewitt had not exhausted that claim in Minnesota state courts, and it accordingly could not be heard by this Court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

Finally, Prewitt objects to the Magistrate Judge's February 19 order, arguing that the Magistrate Judge "has abandoned his neutral role as Judge when he gave [P]rewitt legal advice on applying for a writ of habeas corpus in state court for his unconstitutional state statute claim" and that, by denying Prewitt's claims for relief the Magistrate Judge "is acting as an advocate on the state's behalf rather than an impartial presider," and denying Prewitt his "substantial rights" to a "fair and impartial decision."  (Aff. of Facts at 5, 7 Mar. 31, 2014, Docket No. 35.)  First, the Court concludes that the Magistrate Judge did not abandon his neutral role when he indicated that Prewitt could seek relief in Minnesota state courts for his claim of conviction under an unconstitutional statute.  It is entirely appropriate for a court to opine on the procedural options available to a party.

Furthermore, mentioning Prewitt's other options for relief on this claim was not advice so much as an essential part of the Magistrate Judge's legal conclusion that Prewitt had not, in fact, exhausted his available state remedies with respect to the claim.   Second, the Court finds that Prewitt's general statements regarding unfairness based on the fact that the Magistrate Judge ultimately concluded that Prewitt's habeas petition should be dismissed, does not identify any "personal bias or prejudice arising from an extrajudicial source," *see Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989), and therefore do not form the basis for any relief, *see Wedington v. Holder*, Civ. No. 12-2808, 2013 WL 25652, at *2 n.4 (D. Minn. Jan. 2, 2013) (finding claims that the Magistrate Judge is "plainly . . . against petitioner getting justice and due process of the law" had "no basis in law or fact, and therefore do not form the basis for any relief" (alteration in original)); *United States ex rel. Sammarco v. Ludeman*, Civ. No. 09–880, 2010 WL 681454, *4 (D. Minn. Feb. 25, 2010) (dismissing unfounded criticisms of a magistrate judge as not providing any basis for relief).   Accordingly, the Court will overrule Prewitt's objections and affirm the Magistrate Judge's denial of Prewitt's motions to amend and supplement the record.

## III.   HABEAS PETITION

### A.   Standard of Review

Upon the filing of a Report and Recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district

judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Where a party fails to make proper, specific objections, the Court reviews the R&R only for clear error. *See Mashak v. Minnesota*, Civ. No. 11-473, 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012) (citing Fed. R. Civ. P. 72 advisory committee's note; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996)).

## B.    Prewitt's Objections

Prewitt has filed a number of documents containing objections to the Magistrate Judge's R&R recommending the dismissal of his habeas petition.[6] In addition to a number of substantive objections, which the Court will address below, Prewitt has again asserted that he was "deprived of his constitutional right to an impartial Magistrate Judge where the Magistrate Judge . . . has departed from his required neutral role and concurred with the appeals court decision." (Objection at 1, Feb. 28, 2013, Docket No. 34.) For the reasons explained above, the Court will overrule this objection, as it fails to identify any personal prejudice or bias arising from an extrajudicial source, and therefore fails to provide a basis for any relief.

---

[6] As with the other matters before the Court in this case, a number of the documents purportedly containing objections are not timely, as they were filed more than fourteen days after the Magistrate Judge issued the R&R on February 19, 2014. (*See, e.g.*, Aff. of Facts, May 15, 2014, Docket No. 36; Am. Aff. of Facts, May 19, 2013, Docket No. 37); *see also* D. Minn. LR 72.2(b)(1) ("A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition . . . ."). As with the other matters, however, the Court will consider Prewitt's objections, including the late-filed documents, holistically.

### 1.    Discovery Request

Prewitt appears to object to the Magistrate Judge's denial of his request for discovery related to the hospital records of the victim's examination "because the examining nurse didn't report [any] physical findings of a sexual assault or semen identification."  (*Id.*, Appendix at 1.)[7]  But Prewitt does not dispute that this discovery request relates only to his claim based on insufficiency of the evidence.  Nor has Prewitt contested the Magistrate Judge's conclusion that the federal nature of Prewitt's insufficiency of the evidence claim – raised in his multi-part fourth element for relief – was "not fairly present[ed]" to the Minnesota Court of Appeals and therefore has not been exhausted.  (R&R at 17.)  In other words, Prewitt has identified no portion of his supplemental brief to the Minnesota Court of Appeals that alerted that court that his claim based on insufficiency of the evidence was based upon a violation of his rights under the Federal Constitution, and therefore Prewitt's claim has not been exhausted.  *See Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) ("A claim is procedurally defaulted if not fairly presented in state court before raising it in federal court.  To be fairly presented a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." (citation and internal quotation marks omitted)).  Because this Court could not consider Prewitt's procedurally defaulted claim based on

---

[7] Prewitt filed a number of appendices in connection with his objections.  These appendices appear at attachment 1 to his objections and will be referred to as "Appendix" with the corresponding CMECF page number.

insufficiency of the evidence – regardless of the merits of the claim – it was not error for the Magistrate Judge to refuse to allow Prewitt discovery related to that claim.

### 2.    Waiver of Counsel

In his objection documents, Prewitt has reiterated his contention that the trial court erred in allowing Prewitt to represent himself *pro se* without obtaining a knowing waiver of his right to counsel.  (*See, e.g.*, Objection, Appendix at 2, Feb. 28, 2014, Docket No. 34.)   But Prewitt has raised no specific objections to the Magistrate Judge's conclusion that the Minnesota Court of Appeals employed a reasonable interpretation of federal law when it concluded that Prewitt's waiver of counsel was not made in violation of his constitutional rights.  (R&R at 9.)   Instead, Prewitt has merely summarized his arguments that he included in numerous submissions to the Magistrate Judge.   These arguments are insufficient to invoke *de novo* review.   *See Moua v. Minnesota*, Civ. No. 13-1470, 2014 WL 1116882, at *3 (D. Minn. Mar. 20, 2014) ("Objections which are not specific but merely summarize or repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review." (internal quotation marks omitted)).

Even if the Court were to conduct a *de novo* review of Prewitt's waiver of counsel claim, it would conclude that he is entitled to no relief on this claim, because he has failed to show that the Minnesota Court of Appeals' adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d).  The court of appeals noted that "[w]aiver of the right to counsel must be made knowingly, intelligently, and voluntarily." *Prewitt*, 2013 WL 3491078 at *4 (citing *State v. Rhoads*, 813 N.W.2d 880, 884 (Minn. 2012)).   In determining whether Prewitt's express waiver of counsel – when he asserted his right to represent himself *pro se* at trial – was valid, the court considered "'the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused.'"   *Id.* (alteration in original) (quoting *State v. Worthy*, 583 N.W.2d 270, 275-76 (Minn. 1998)).  Based on this standard the court of appeals had "no difficulty concluding that the district court's failure to secure a signed, written waiver or to conduct an on-the-record inquiry does not require reversal here, because the circumstances demonstrate a valid waiver." *Id.*  Specifically, the court of appeals found that it was clear from the record that Prewitt understood the consequences of proceeding *pro se*, explaining:

> The district court specifically outlined the elements of the offenses that Prewitt was charged with, and it twice told him the presumptive sentence. It discussed Prewitt's defense-strategy options, including the difficulties of challenging DNA evidence and the elements of a consent defense.  And it repeatedly warned Prewitt about the dangers of proceeding pro se, emphasizing that he would be held to the same standards as an attorney and highlighting the difficulties of challenging certain evidence without expert legal and scientific assistance.  Prewitt steadfastly demanded his right to defend himself in the face of the express and implied risks and consequences of proceeding without representation.  We hold that his waiver of his right to counsel was valid.

*Id.* at *5.

Prewitt has not contested that the trial court provided him with the warnings described by the court of appeals.  Nor has Prewitt contested that he repeatedly and

expressly professed his desire to proceed to trial *pro se* over the warnings of the trial court.  Instead, Prewitt's objection appears to be based entirely on the trial court's failure to obtain a written waiver of the right to counsel.  (Objection, Appendix at 2, Feb. 28, 2014, Docket No. 34.)  But as explained by the court of appeals "the lack of a written waiver does not in itself make a waiver-of-counsel invalid if there is a sufficient on-the-record oral waiver."  *Prewitt*, 2013 WL 3491078 at *4 (citing *State v. Jones*, 772 N.W.2d 496, 504-05 (Minn. 2009)).  This is consistent with the standard under the Federal Constitution for a valid waiver of the right to counsel.  *See Faretta v. California*, 422 U.S. 806, 835 (1975) (explaining that a waiver of counsel is valid if the defendant is "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open" (internal quotation marks omitted)).  Accordingly, the Court concludes that the court of appeals did not engage in an unreasonable application of federal law when it concluded that Prewitt's waiver of counsel was valid, and Prewitt's habeas claim based on waiver of counsel therefore does not entitle him to relief.

### 3.   Confrontation Clause

Prewitt also objects to the Magistrate Judge's conclusion that the Minnesota Court of Appeals could have reasonably concluded that out of court statements of the victim's friend admitted at his trial were non-testimonial and therefore did not violate the Confrontation Clause.  At issue in Prewitt's Confrontation Clause claim is testimony from the victim at trial that the victim's friend told her that Prewitt tried to get into the

bedroom where the victim was sleeping on the night of the rape.  (App. at 57-58, Nov. 20, 2013, Docket No. 14.)  Because the victim's friend was not called to testify, Prewitt argues that his right under the Confrontation Clause to cross-examine her was violated.  The Magistrate Judge concluded that the Minnesota Court of Appeals could have reasonably concluded that the statements of the victim's friend were not testimonial and therefore not protected by the Confrontation Clause "because the statements were made by the victim's friend to the victim on the morning after the alleged rape, before any police investigation was started."  (R&R at 19-20).  In his objections Prewitt argues the Magistrate Judge erred in reaching this conclusion by relying on *Crawford v. Washington*, 541 U.S. 36 (2004) instead of considering *Davis v. Washington*, 547 U.S. 813 (2006) and its companion case, *Hammon v. Indiana*, which were decided more recently.  (Am. Aff. of Facts at 2-3, May 19, 2013, Docket No. 37.)

First, as Prewitt appears to agree in his objections, *Davis* is not applicable to the facts here.  *Davis* involved the audio tape of a 911 call that was made to summon help in an emergency situation.  547 U.S. at 817-19.  The Court found the statements provided during the course of the phone call were not testimonial, and therefore did not implicate the Confrontation Clause, because the call was made for the purpose of "enabl[ing] police assistance to meet an ongoing emergency" rather than to aid an investigation.  *Id.* at 827-28.  Petitioner is correct that *Hammon* is more similar to his case than *Davis* because *Hammon* involved the statement of a victim taken by the police after the incident, when no ongoing emergency existed, which the Court determined to be testimonial.  *Id.* at 819-21.  Petitioner attempts to draw similarities between his case and *Hammon*, explaining:

> Here the police officer interviewed the alleged victim and received from her the information that she later repeated in court about what her friend . . . had told her about petitioner. When her statement was made to the police there was no emergency existing and her statement was made in anticipation of a prosecution.

(Am. Aff. of Facts at 3-4, May 19, 2013, Docket No. 37.)   But Prewitt's reliance on *Hammon* confuses the testimonial nature of the statement made by the victim to the police and the statement made by the victim's friend to the victim. In *Hammon* the police officer interviewed the victim and the police officer testified at trial about what the victim had told him. 547 U.S. at 819-21. The Court found the statements of the victim to be testimonial as they were made for purposes of the investigation, and therefore it was a violation of the Confrontation Clause for the victim not to testify and be subject to cross examination. *Id*. at 829-30. In Prewitt's case, the victim discussed the events informally with the friend and the victim testified about what the friend had told her. The fact that the victim was interviewed by a police officer in the time between her conversation with her friend and her testimony at trial does not affect the analysis because Prewitt had the opportunity to cross examine the victim. Therefore, the Magistrate Judge was correct that the Court of Appeals could have concluded the statements of the friend were not testimonial because they were not similar to any of the examples of testimonial statements described in *Crawford*. (R&R at 19-20.) Because the statements were also different than those at issue in *Hammon*, Petitioner's citation of that case does not alter

the Court's analysis.[8]  Accordingly, the Court will adopt the R&R's recommendation and dismiss Prewitt's petition for habeas relief.[9]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Petitioner's Objections [Docket Nos. 24, 28, and 38] are **OVERRULED** and the Magistrate Judge's October 21, 2013 Order denying appointment of counsel [Docket No. 5] and December 6, 2013 Order denying a motion for reconsideration [Docket No. 17] are **AFFIRMED**.

---

[8] Prewitt further argues that even if the Minnesota Court of Appeals could reasonably have concluded that the statements were not testimonial, those statements were still inadmissible hearsay according to the Minnesota Rules of Evidence. (Am. Aff. of Facts at 4, May 19, 2013, Docket No. 37.) This appears to be a new argument that was not presented to the Magistrate Judge. Although Prewitt argued in both his Petition and his Reply that "inadmissible hearsay" was admitted at his trial, he focused his discussion of the claim on the theory that the admitted hearsay violated the Confrontation Clause, not the Minnesota Rules of Evidence. Indeed, Prewitt concluded his argument by saying, "Petitioner deserves a proper review of this violation of his **federal** constitutional rights and his petition for habeas review by this court should be granted on these grounds alone." (Pet'r's Reply to Resp'ts Answer to Pet. at 4, Dec. 18, 2013, Docket No. 19 (emphasis in original).) Because Prewitt did not present his argument that the Minnesota Rules of Evidence were violated to the Magistrate Judge, it is improperly raised at this time. *See Ridenour v. Boehringer Ingelheim Pharm., Inc*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("[Plaintiff] was required to present all of his arguments to the magistrate judge, lest they be waived."). Furthermore, even if Prewitt had raised this argument, he has failed to demonstrate how violation of the Minnesota Rules of Evidence amounts to a violation of his federal Constitutional rights, and could therefore entitle him to relief in this habeas proceeding.

[9] Prewitt also objects to the Magistrate Judge's failure to consider his argument about a Brady violation involving photo lineups. This objection actually appears to relate to the Magistrate Judge's February 19 order which denied Prewitt's request to supplement the record with these arguments. In any case, even if the Magistrate Judge had considered this claim, it would have entitled Prewitt to no relief as he did not raise this claim before the Minnesota state courts.

2.      Petitioner's Objections [Docket No. 35] are **OVERRULED** and the Magistrate Judge's February 19, 2013 Order [Docket No. 32] is **AFFIRMED**.

**IT IS FURTHER HEREBY ORDERED** that Petitioner's Objections [Docket Nos. 34, 36, and 37] are **OVERRULED** and the Report and Recommendation dated February 19, 2014 [Docket No. 33] is **ADOPTED**.  Accordingly,

a.      Petitioner's Petition for Writ of Habeas Corpus Relief [Docket No. 1] is **DISMISSED with prejudice**.

b.      The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1) the issues raised in the petition.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  October 20, 2014                      ___s/ John R. Tunheim___
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                                       United States District Judge